IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG NOWAKOWSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AXT INC., et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-02778-MMC<br><br>**ORDER GRANTING CHARLES GRUBB'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; DEEMING MANDAR PATTERKAR'S MOTION FOR APPOINTMENT WITHDRAWN; VACATING HEARING** |

　　　　Before the Court is Charles Grubb's ("Grubb") Motion, filed July 5, 2024, "for Appointment as Lead Plaintiff and Approval of Counsel."  No opposition has been filed, and a Statement of Non-Opposition has been filed by Mandar Pattekar, the one other potential lead plaintiff who initially had sought appointment.[1]  Having read and considered the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for August 9, 2024, and hereby rules as follows.

　　　　The Complaint in the above-titled action asserts claims under the Securities Act of 1934.  Under the Private Securities Litigation Reform Act, in an action asserting claims under said Act, a district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  See 15 U.S.C. § 77u-4(a)(3)(B)(i).  "The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule

---

[1] The Court deems Mandar Pattekar's "Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel," filed July 5, 2024, withdrawn.

1    23 [of the Federal Rules of Civil Procedure], in particular, those of 'typicality' and
2    'adequacy.'" In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002) (quoting Rule 23).
3         Here, Grubb, who is the only member of the putative class who seeks to represent
4    the class, has submitted evidence demonstrating he has incurred a financial loss as a
5    result of defendants' alleged violations (see Rosen Decl. Ex. 3), and, consequently, the
6    Court finds he has the greatest financial stake in the outcome.  Also, for the reasons
7    stated by Grubb (see Mot. at 6:22-7:21), the Court finds Grubb meets the requirements of
8    Rule 23.
9         Accordingly, the motion is GRANTED, and Grubb is hereby APPOINTED lead
10   plaintiff for the putative class.
11        Additionally, Grubb's choice of counsel, The Rosen Law Firm, is hereby
12   APPROVED.  As lead counsel, The Rosen Law Firm shall be responsible for the overall
13   conduct of the litigation on behalf of the putative class and shall have sole authority to do
14   the following:
15        1.  Determine and present to the Court and opposing parties the position of
16   the lead plaintiff and putative class members on all matters arising during the instant
17   litigation;
18         2.  Enter into stipulations with opposing counsel as necessary for the conduct of
19   the litigation;
20        3. Coordinate the initiation and conduct of discovery on behalf of the lead plaintiff
21   and putative class members consistent with the requirements of the Federal Rules of
22   Civil Procedure;
23         4.  Hire expert witnesses and consultants on behalf of the lead plaintiff and
24   putative class members, as needed to prepare for class certification or trial, and advance
25   other costs that may be reasonable and necessary to the conduct of the litigation;
26        5. Conduct settlement negotiations on behalf of the lead plaintiff and putative
27   class members, and, if appropriate, to enter into a settlement that is fair, reasonable, and
28   adequate on behalf of the putative class members;

6. Monitor its activities to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

7. Perform such other duties as may be incidental to the proper prosecution and coordination of pretrial and trial-related activities on behalf of the lead plaintiff and putative class members or authorized by further order of this Court.

**IT IS SO ORDERED.**

Dated: July 26, 2024

MAXINE M. CHESNEY
United States District Judge