BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
EUNICE LEONG, State Bar No. 320499
eunice.leong@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
MICHAEL YU, State Bar No. 340255
michael.yu@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants AXT, Inc.,*
*Morris S. Young, and Gary L. Fischer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIG NOWAKOWSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AXT, INC., MORRIS S. YOUNG, and GARY L. FISCHER,<br><br>Defendants. | Case No.: 3:24-cv-02778-MMC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**<br><br>Date: February 14, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney |

# TABLE OF CONTENTS

**Page**

ARGUMENT.................................................................................................................... 1

I. The Court May Consider Documents Incorporated by Reference.................................... 1

II. The Court May Take Judicial Notice of Public Information........................................2

    A. SEC Filings.......................................................................................................... 3

    B. Government Records, Press Releases, and Other Public Materials....................................... 3

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Ardolino v. MannKind Corp.*,
   2016 U.S. Dist. LEXIS 189690 (C.D. Cal. Aug. 23, 2016)........................................4

*In re Astra Space, Inc. Sec. Litig.*,
   2023 U.S. Dist. LEXIS 134446 (N.D. Cal. Aug. 2, 2023)..................................... 3

*Cheng v. Activision Blizzard, Inc.*,
   2022 U.S. Dist. LEXIS 100969 (C.D. Cal. Apr. 18, 2022)................................................4

*Garcia v. J2 Glob., Inc.*,
   2021 U.S. Dist. LEXIS 78853 (C.D. Cal. Mar. 5, 2021) ...................................... 4

*GeoVector Corp. v. Samsung Elecs. Co.*,
   234 F. Supp. 3d 1009 (N.D. Cal. Feb. 2017)......................................... 4

*Homyk v. Chemocentryx, Inc.*,
   2023 U.S. Dist. LEXIS 91306 (N.D. Cal. Feb. 23, 2023)...........................................4

*Huei-Ting Kang v. Paypal Holdings, Inc.*,
   620 F. Supp. 3d 884 (N.D. Cal. 2022)...............................................................1, 4

*In re Intel Corp. Sec. Litig.*,
   2019 U.S. Dist. LEXIS 54615 (N.D. Cal. Mar. 29, 2019)..........................................3

*Jedrzejczyk v. Skillz Inc.*,
   2022 2022 U.S. Dist. LEXIS 11780 (N.D. Cal. July 5, 2022)......................................1

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018).......................................................................1

*Krystofiak v BellRing Brands, Inc.*,
   2024 U.S. Dist. LEXIS 106364 (N.D. Cal. June 14, 2024)...................................4

*Mehedi v. View, Inc.*,
   2023 U.S. Dist. LEXIS 89106 (N.D. Cal. May 22, 2023).....................................2

*Mendoza v. HF Foods Grp., Inc.*,
   2021 U.S. Dist. LEXIS 160982 (C.D. Cal. Aug. 25, 2021)...................................3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008)............................................................3

*Microsemi Corp. v. Silicon Networks, Ltd.*,
   2017 U.S. Dist. LEXIS 223305 (C.D. Cal. Sept. 14, 2017).......................................4

*In re ON24, Inc. Sec. Litig.*,
   2023 U.S. Dist. LEXIS 203132 (N.D. Cal. July 7, 2023)......................................3

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

**Page**

*In re Sorrento Therapeutics Sec. Litig.*,
  2021 U.S. Dist. LEXIS 245405 (S.D. Cal. Nov. 17, 2021) ........................................4

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
  915 F.2d 1351 (9th Cir. 1990).......................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)...................................................................................1

*In re Twitter, Inc. Sec. Litig.*,
  506 F. Supp. 3d 867 (N.D. Cal. 2020).........................................................4

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010).....................................................................3

*Wong v. Arlo Techs., Inc.*,
  2019 U.S. Dist. LEXIS 226546 (N.D. Cal. Dec. 19, 2019)..........................2

**Other Authorities**

Federal Rule of Evidence 201(b)......................................................................2

-iii-

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

Defendants AXT, Inc. ("AXT"), Morris S. Young, and Gary L. Fischer (collectively, the "Defendants") respectfully request that the Court consider the following documents submitted in support of their Motion to Dismiss ("Motion") Plaintiff's Amended Class Action Complaint ("Complaint"). The documents described below are (1) incorporated by reference into the Complaint, (2) the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, or (3) both. True and correct copies of the documents described herein are attached to the Declaration of Eunice Leong ("Leong Decl.") filed with Defendants' Motion.

## ARGUMENT

When considering a motion to dismiss a claim under the federal securities laws, courts "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The exhibits ("Ex.") attached to the Leong Declaration are properly considered in connection with the Motion because each of them satisfies one or both of these conditions.

## I.    The Court May Consider Documents Incorporated by Reference

Under the incorporation by reference doctrine, where "the plaintiff refers extensively to [a] document or the document forms the basis of the plaintiff's claim," the Court may examine the same. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.* The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* On a motion to dismiss, this Court and others in this district regularly considers documents cited in complaints. *See, e.g.*, *Huei-Ting Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that plaintiffs "quoted throughout the Complaint" and were "necessary to assess the veracity of the challenged statement in context"); *see also Jedrzejczyk v. Skillz Inc.*, 2022 U.S. Dist. LEXIS 117803, at *8 (N.D. Cal. July 5, 2022) (considering documents incorporated by reference).

1

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

Accordingly, Defendants respectfully request that the Court consider the following documents because they are relied upon, quoted, or referenced in the Complaint[1]:

- Ex. 3: Declaration and certification of translation, true and correct copy, and true and correct translation of an *Economic Herald* article titled "Exclusive: Obstacles for Beijing Tongmei Xtal's IPO as Investigation Concludes in the 'Shandong Guojing Trade Secret Infringement Case' - Criminal Prosecution Pending," dated March 13, 2023, https://mp.weixin.qq.com/s/81-8iadKB7P9EnOlSY8NEQ, along with a true and correct copy and true and correct translation of the Case Initiation Notice, therein. *See, e.g.*, ¶ 57.

- Ex. 4: AXT's Form 10-K for the fiscal year ended December 31, 2023, which was publicly filed with the U.S. Securities and Exchange Commission ("SEC") on March 15, 2024. *See, e.g.*, ¶¶ 82–83, 85, 87, 89.

- Ex. 5: Beijing Tongmei Xtal Technology Co., Ltd. ("Tongmei") Prospectus in respect of Initial Public Offering and Shanghai Stock Exchange's Science and Technology Innovation Board (the "STAR Market") Listing of Shares, publicly filed with the SEC as Exhibit 99.1 to AXT's Form 8-K on January 10, 2022. *See, e.g.*, ¶ 62.

- Ex. 6: AXT's Form 10-K for the fiscal year ended December 31, 2020, which was publicly filed with the SEC on March 23, 2021. *See, e.g.*, ¶¶ 59–60.

- Ex. 9: J Capital Research ("J Cap") short-seller blogpost titled "AXTI may be on the brink of collapse," dated April 4, 2024. *See, e.g.*, ¶¶ 5, 91–93.

## II.   The Court May Take Judicial Notice of Public Information

Pursuant to Federal Rule of Evidence 201(b), the Court may take judicial notice of "fact[s] that [are] not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mehedi v. View, Inc.*, 2023 U.S. Dist. LEXIS 89106, at *10 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory'"); *see also Wong v. Arlo Techs., Inc.*, 2019

---

[1] The article with accompanying Case Initiation Notice (Ex. 3), SEC filings (Exs. 4, 5, 6), and short-seller blogpost (Ex. 9) which Defendants request the Court consider incorporated by reference in the Complaint are also properly subject to judicial notice. *Infra* at 2.

2

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

U.S. Dist. LEXIS 226546, at *9 (N.D. Cal. Dec. 19, 2019) (same).  Accordingly, Defendants respectfully request that the Court take judicial notice of the following SEC filings and press releases, news articles, and other public materials.

**A. SEC Filings**

The Court may judicially notice SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'" *Mendoza v. HF Foods Grp., Inc.*, 2021 U.S. Dist. LEXIS 160982, at *4 (C.D. Cal. Aug. 25, 2021); *see also In re ON24, Inc. Sec. Litig.*, 2023 U.S. Dist. LEXIS 203132, at *4 n.1 (N.D. Cal. July 7, 2023) ("Judicial notice of SEC filings is appropriate."); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings "was proper"); *In re Astra Space, Inc. Sec. Litig.*, 2023 U.S. Dist. LEXIS 134446, at *17 n.1 (N.D. Cal. Aug. 2, 2023) (taking judicial notice of SEC filings not referenced in the complaint); *In re Intel Corp. Sec. Litig.*, 2019 U.S. Dist. LEXIS 54615, at *20 (N.D. Cal. Mar. 29, 2019) (finding SEC filings to be "routinely subject to judicial notice," even when plaintiffs' claims do not depend on them and plaintiffs do not reference them in their complaint).

Accordingly, the Defendants respectfully request that the Court consider the following documents publicly filed with the SEC:

- Ex. 11: "Reply to the Second Round Audit Inquiry Letter on Application for Initial Public Offering and STAR Market Listing of Shares by Beijing Tongmei Xtal Technology Co., Ltd.," publicly filed with the SEC as Exhibit 99.1 to AXT's Form 8-K on June 17, 2022.
- Ex. 12: Form 4 publicly filed by Morris S. Young with the SEC on March 18, 2021.
- Ex. 13: Form 4 publicly filed by Morris S. Young with the SEC on November 14, 2023.
- Ex. 14: Form 4 publicly filed by Gary L. Fischer with the SEC on February 22, 2021.
- Ex. 15: Form 4 publicly filed by Gary L. Fischer with the SEC on November 14, 2023.

**B. Government Records, Press Releases, and Other Public Materials**

The Court may take judicial notice of news and journal publications and information on publicly accessible websites because they (1) "indicat[e] what information was in the public realm at the time[,]" and (2) "meet the standards for admissibility set forth in [Rule] 201(b)."  *See, e.g., Von*

3

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

*Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Homyk v. Chemocentryx, Inc.*, 2023 U.S. Dist. LEXIS 91306, at \*10–12 (N.D. Cal. Feb. 23, 2023) (taking judicial notice of journal articles and other publications is proper to determine what information was available to the market); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal. 2020) (taking judicial notice of news articles because they "reflect[] publicly available information about the company"); *Huei-Ting Kang*, 620 F. Supp. 3d at 895 ("[p]ublicly accessible websites and news articles" are "the proper subjects of judicial notice"); *Garcia v. J2 Glob., Inc.*, 2021 U.S. Dist. LEXIS 78853, at \*23 (C.D. Cal. Mar. 5, 2021) ("Courts may take judicial notice that the information contained in sources such as news articles, press releases, and webpages was available to the public.").  The same is true of press releases.  *Cheng v. Activision Blizzard, Inc.*, 2022 U.S. Dist. LEXIS 100969, at \*17 (C.D. Cal. Apr. 18, 2022) (judicially noticing defendant company's press releases); *Ardolino v. MannKind Corp.*, 2016 U.S. Dist. LEXIS 189690, at \*9–12 (C.D. Cal. Aug. 23, 2016) (same).  Short-seller reports are also the proper subjects of judicial notice.  *In re Sorrento Therapeutics Sec. Litig.*, 2021 U.S. Dist. LEXIS 245405, at \*13 (S.D. Cal. Nov. 17, 2021) (judicially noticing short-seller reports because courts "may properly look to those reports to understand the total mix of information available to investors over the class period") (internal citations and quotations omitted).

Information in a publicly available government record is also properly subject to judicial notice.  *See GeoVector Corp. v. Samsung Elecs. Co.*, 234 F. Supp. 3d 1009, 1016 n.2 (N.D. Cal. Feb. 14, 2017); *Krystofiak v BellRing Brands, Inc.*, 2024 U.S. Dist. LEXIS 106364, at \*39 (N.D. Cal. June 14, 2024) (Tse, J.) ("The Court may take judicial notice of 'undisputed and publicly available information displayed on government websites.'").  This includes certified translations of matters of public record.  *See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990) (taking judicial notice of English translation of minutes); *Microsemi Corp. v. Silicon Networks, Ltd.*, 2017 U.S. Dist. LEXIS 223305, at \*8 (C.D. Cal. Sept. 14, 2017) (judicially noticing certified translation of court document).

Accordingly, the Defendants respectfully request that the Court take judicial notice of the following documents:

4

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

- Ex. 1: Declaration and certification of translation, true and correct copy, and true and correct translation of the China Securities Regulatory Commission ("CSRC") Basic Information of Registrant Corporations for the STAR Market provided on the CSRC website, http://www.csrc.gov.cn/csrc/c105903/c1489522/content.shtml, along with a true and correct copy and true and correct translation of the Basic Information table, linked therein, http://www.csrc.gov.cn/csrc/c105903/c1489522/1489522/files/%E7%A7%91%E5%88%9B%E6%9D%BF%E7%94%B3%E8%AF%B7%E6%B3%A8%E5%86%8C%E4%BC%81%E4%B8%9A%E5%9F%BA%E6%9C%AC%E6%83%85%E5%86%B5%E8%A1%A8%EF%BC%88%E6%88%AA%E6%AD%A22024%E5%B9%B410%E6%9C%8831%E6%97%A5).xls.

- Ex. 2: Declaration and certification of translation, true and correct copy, and true and correct translation of the STAR Market Registration Information for Tongmei provided on the STAR Market website.

  https://listing.sse.com.cn/renewal/xmxq/index.shtml?auditId=1065&anchor_type=0.

- Ex. 3: Declaration and certification of translation, true and correct copy, and true and correct translation of an *Economic Herald* article titled "Exclusive: Obstacles for Beijing Tongmei Xtal's IPO as Investigation Concludes in the 'Shandong Guojing Trade Secret Infringement Case' - Criminal Prosecution Pending," dated March 13, 2023, https://mp.weixin.qq.com/s/81-8iadKB7P9EnOlSY8NEQ, along with a true and correct copy and true and correct translation of the Case Initiation Notice, therein.

- Ex. 7: Overview of the STAR Market provided on the STAR Market website. https://star.sse.com.cn/en/gettingstarted/overview/.

- Ex. 8: Shanghai Stock Exchange article titled "Forging Ahead with Solid Foundation: An Overview of the SSE STAR Market Companies' Operating Performance in 2023," dated April 30, 2024.  https://english.sse.com.cn/news/newsrelease/c/c_20240514_10755874.shtml.

- Ex. 9: J Cap short-seller blogpost titled "AXTI may be on the brink of collapse," dated April 4, 2024.

- Ex. 10: J Cap's public disclaimer provided on the J Cap website. https://www.jcapitalresearch.com/.

5

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

Dated: November 8, 2024                              FRESHFIELDS US LLP


                                                     By:  /s/ Boris Feldman
                                                          Boris Feldman

                                                     *Attorneys for Defendants AXT, Inc.,*
                                                     *Morris S. Young, and Gary L. Fischer*

6