**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG NOWAKOWSKI, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AXT, INC., MORRIS S. YOUNG, and GARY L. FISCHER,<br><br>    Defendants. | Case No. 3:24-cv-02778-MMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**<br><br>CLASS ACTION<br><br>Date: March 7, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney |

Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint, Case No. 3:24-Cv-02778-MMC

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................1

II.    ARGUMENT ......................................................................................................................1

    A.    Defendants Improperly Offer Exhibits 1, 2, 7, 8, 10, 11, 12, 13, 14 and 15 to Present Their Own Factual Narrative ....................................................................2

III.    CONCLUSION ..................................................................................................................7

Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint, Case No. 3:24-Cv-02778-MMC

# TABLE OF AUTHORITIES

**Cases**

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ...........................................................................................1, 2

*Abrego Abrego v. The Dow Chem. Co.*,
  443 F.3d 676 (9th Cir. 2006) ..................................................................................................3

*Dartell v. Tibet Pharms., Inc.*,
  No. CV 14-3620, 2016 WL 718150 (D.N.J. Feb. 22, 2016)...................................................4

*Delaney v. Aurora Loan Servicing, Inc.*, No. C,
  09-3131 VRW, 2009 WL 5062339 (N.D. Cal. Dec. 23, 2009) ...............................................7

*Eastman v. Apple, Inc.*,
  2019 WL 3934805 (N.D. Cal. Aug. 20, 2019) ........................................................................2

*In re Adaptive Broadband Sec. Litig.*,
  2002 WL 989478 (N.D. Cal. Apr. 2, 2002) .............................................................................7

*In re China Mobile Games & Ent. Grp., Ltd Sec. Litig.*,
  2016 WL 922711 (S.D.N.Y. Mar. 7, 2016) ............................................................................4

*In re Fuwei Films Sec. Litig.*,
  634 F. Supp. 2d 419 (S.D.N.Y. 2009)......................................................................................4

*In re WorldCom, Inc. Sec. Litig.*,
  346 F. Supp. 2d 628 (S.D.N.Y. 2004).......................................................................................3

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ...................................................................................................1

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) ...............................................................................................3, 6

*Olivera v. Am. Home Mortg. Servicing, Inc.*,
  689 F. Supp. 2d 1218 (N.D. Cal. 2010) ..................................................................................7

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) ...........................................................................................3, 6, 7

*Rollins v. Dignity Health*,
  338 F. Supp. 3d 1025 (N.D. Cal. 2018) ..................................................................................2

Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint, Case No. 3:24-Cv-02778-MMC

*Shenwick v. Twitter, Inc.*,
   282 F. Supp. 3d 1115 (N.D. Cal. 2017) .........................................................................1

*Snellink v. Gulf Res., Inc.*,
   870 F. Supp. 2d 930 (C.D. Cal. 2012) ..........................................................................3, 5

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) .........................................................................................1

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) .........................................................................................7

**Statutes**

28 U.S.C. § 1746...............................................................................................................9

**Rules**

Fed. R. Civ. P. 12(d) ........................................................................................................7

Fed. R. Evid. 201 .............................................................................................................1, 2

iii

## I.    INTRODUCTION

The Ninth Circuit in *Khoja v. Orexigen Therapeutics, Inc.* warned of the "concerning pattern" of defendants in securities cases "exploiting" the incorporation-by-reference doctrine and judicial notice in an improper attempt to undermine well-pled allegations. 899 F.3d 988, 998 (9th Cir. 2018). Defendants may not "present their own version of the facts at the pleading stage" through documents deemed incorporated by reference or judicially noticed. *Id.* at 999. A court may neither "take judicial notice of disputed facts" nor "assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 999, 1003.

Defendants' Request for Judicial Notice (Dkt. 54) and Motion ("MTD," Dkt. 53) implicate the exact concerns voiced by the *Khoja* court. Defendants ask the Court to take judicial notice of, and deem incorporated into the Complaint, five documents (Exs. 3,4,5,6&9), and to take judicial notice of 10 exhibits not even mentioned in the Complaint (Ex.1,2,7,8,10,11-15). Defendants' Motion makes clear that Defendants offer these documents for an improper purpose—namely, to present their own version of the facts through self-serving interpretations of public statements challenged in the Complaint. The Court should reject Defendants' improper invitation to use the exhibits to resolve factual disputes in Defendants' favor.

## II.    ARGUMENT

"'As a general rule, [courts] may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1121–22 (N.D. Cal. 2017) (citing *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001))). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence

1

201." *Khoja*, 899 F.3d at 998. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute,'" meaning "it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* at 999 (citing Fed. R. Evid. 201). Incorporation by reference allows a court to consider documents to which the complaint "refers extensively" or "forms the basis of the plaintiff's claim." *Id.* at 1002. Neither exception, however, permits courts "to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 999, 1003.

A.     **Defendants Improperly Offer Exhibits 1, 2, 7, 8, 10, 11, 12, 13, 14 and 15 to Present Their Own Factual Narrative**

The Request is improper as to Exhibits 1, 2, 7, 8, 10, 11, 12, 13, 14 and 15 because it "does not simply ask the Court to take judicial notice of the *fact* that the documents were in the public realm. Rather, [it] asks the Court to judicially notice the documents' *contents* as disclosing" certain information. *Eastman v. Apple, Inc.*, 2019 WL 3934805, at \*5 (N.D. Cal. Aug. 20, 2019). But "whether the [documents] actually disclosed" such information is a factual dispute that "the Court cannot resolve via judicial notice" at this stage. *Id.* As the Ninth Circuit has explained, judicial notice cannot be used "to determine what the investors knew." *Khoja*, 899 F.3d at 1000 (holding that "the district court abused its discretion" by judicially noticing a document that "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes") (internal quotations omitted).

Here, Defendants "do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018):

2

**Exhibits 1&2**

Defendants submit (i) a purported Chinese-language version and its English translation of the China Securities Regulatory Commission ("CSRC") Basic Information of Registrant Corporations for the STAR Market, sourced from the CSRC website (Exhibit 1), and (ii) a purported Chinese-language version and its English translation of the STAR Market Registration Information for Tongmei from the STAR Market website (Exhibit 2). Defendants offer these exhibits to present their own narrative that Beijing Tongmei Xtal Technology Co., Ltd. ("Tongmei") has not abandoned its IPO application.

However, these documents are not referenced, relied upon, or central to the Complaint. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."). Plaintiffs have not "deliberately omit[ted] references to [these] documents upon which their claims are based" because Plaintiffs were even unaware of their existence until Defendants improperly introduced them. *See Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

As detailed extensively in Plaintiffs' opposition to Defendants' motion to dismiss ("Opposition") filed concurrently, sporadic Chinese-language governmental filings and news articles are not deemed publicly accessible to the U.S. investing public. *See In re WorldCom, Inc. Sec. Litig.*, 346 F. Supp. 2d 628, 688 (S.D.N.Y. 2004) (finding "sporadic press reports" may not constitute information "reasonably available" to investors); *Snellink v. Gulf Res., Inc.*, 870 F. Supp. 2d 930, 942 (C.D. Cal. 2012) (Chinese filings were not "readily accessible for U.S.

3

investors"); *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 438 (S.D.N.Y. 2009) (Chinese-language articles in Chinese news media were not public information); *In re China Mobile Games & Ent. Grp., Ltd Sec. Litig.*, 2016 WL 922711, at *9 (S.D.N.Y. Mar. 7, 2016) (information requiring "travel to China, communicating in Chinese, reading signs in Chinese, and translating financial filings in Chinese" was not "publicly available"); *Dartell v. Tibet Pharms., Inc.*, No. CV 14-3620, 2016 WL 718150, at *6 (D.N.J. Feb. 22, 2016) (Chinese websites were not publicly available information imputable to U.S. investors).

Crucially, Plaintiffs dispute Defendants' version of facts, which directly contradicts the well-pleaded Complaint alleging that Tongmei has failed to respond to the CSRC's inquiries, thereby effectively blocking and abandoning its IPO. Notably, Defendants do not contest this factual allegation in their motion to dismiss.

**Exhibits 7 & 8**

Defendants present (i) a purported Chinese-language version and its English translation of an Overview of the STAR Market from the STAR Market website (Exhibit 7), and (ii) a purported Chinese-language version and its English translation of a Shanghai Stock Exchange ("SSE") article titled "Forging Ahead with Solid Foundation: An Overview of the SSE STAR Market Companies' Operating Performance in 2023," dated April 30, 2024 (Exhibit 8). Defendants offer these exhibits as a background for Tongmei's alleged attempt to list on the SSE STAR Market.

These documents, however, are neither referenced nor relied upon in the Complaint, nor are they relevant to the claims at issue. *See Marder, 448*; *Olivera*, at 1222 n.4. Furthermore, Plaintiffs have not "deliberately omit[ted] references to [these] documents upon which their claims are based," as Plaintiffs were unaware of their existence until Defendants improperly

4

introduced them. *See Parrino*, 706. Additionally, sporadic Chinese-language news articles are not considered publicly accessible to U.S. investors. *WorldCom*, at 688; *Snellink*, at 942; *Fuwei*, at 438.

**Exhibit 10**

Defendants offer J Capital's public disclaimer provided on the J Cap website (Exhibit 10) to dispute the well-pled factual allegations that the truth revealed by J Capital, simply because it is a short seller, was incorrect and unreliable.

This document is neither relied upon nor referenced in the Complaint, nor is it central to the claims therein. *See Marder, 448*; *Olivera*, at 1222 n.4. Moreover, Plaintiffs have not "deliberately omit[ted] references to [the] document[] upon which their claims are based." *See Parrino*, 706. As extensively addressed in Plaintiffs' Opposition, courts within the Ninth Circuit have repeatedly recognized short-seller reports as valid corrective disclosures. Bias associated with short seller's positions does not equate to falsehood. Indeed, Plaintiffs independently corroborated the accuracy of the information disclosed in the J Capital Report.

**Exhibit 11**

Defendants submit the "Reply to the Second Round Audit Inquiry Letter on Application for Initial Public Offering and STAR Market Listing of Shares by Beijing Tongmei Xtal Technology Co., Ltd.," filed with the SEC as Exhibit 99.1 to AXT's Form 8-K on June 17, 2022 (*Exhibit 11*), for two purposes: (i) to argue that the criminal investigation and subsequent prosecution resulting from the intellectual property ("IP") infringement dispute between Tongmei and Shandong Sinocryst Electronics Corporation ("Sinocryst") were publicly disclosed prior to the J Capital Report; and (ii) to argue that the IP dispute involved Shandong Guojing, not Sinocryst.

Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint, Case No. 3:24-Cv-02778-MMC

This document is neither referenced in nor relied upon by the Complaint, nor is it relevant to the claims asserted therein. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiffs have not "deliberately omit[ted] references to [the] document[] upon which their claims are based." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Moreover, Plaintiffs dispute the accuracy of the statements in Exhibit 11. As extensively detailed in Plaintiffs' Opposition, Exhibit 11 mischaracterized the investigation's criminal nature, portraying it merely as a "Report Letter," downplaying the trade secret dispute as unrelated to "core" technology, and falsely claiming no "dispute or potential dispute" existed with Sinocryst. Thus, this document did not disclose any alleged truth prior to the J Capital Report's publication.

Additionally, Plaintiffs' independent investigation has established that Shandong Guojing explicitly identifies itself on its official website as "Sinocryst Electronics Corporation" in English and in a phonetic verbatim translation, "Shandong Guojing Electronic Technologies Co., Ltd." *See* Declaration of Jing Chen in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint, concurrently filed herewith ¶5. For clarity and ease of pronunciation for English speakers, the Complaint uses "Sinocryst." Notably, Defendants do not contest this equivalence; in fact, they consistently refer to the complainant as "Sinocryst" throughout their submissions. *See* MTD vi, 7, 9.

**Exhibit 12, 13, 14 and 15**

Defendants submit Defendants Morris S. Young's ("Young") and Gary L. Fischer's ("Fischer") Forms 4 (Exhibit 12, 13, 14 and 15) to argue no scienter.

These documents are neither referenced in nor relied upon by the Complaint, nor are they relevant to the claims asserted therein. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

6

Plaintiffs have not "deliberately omit[ted] references to [the] document[] upon which their claims are based." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Additionally, as extensively discussed in Plaintiffs' Opposition, corporate insiders' stock purchases "matters little" when numerous particularized facts support scienter. *See In re Adaptive Broadband Sec. Litig.*, 2002 WL 989478, at *16 (N.D. Cal. Apr. 2, 2002).

## III.    CONCLUSION

In accordance with the Ninth Circuit's decision in *Khoja*, Lead Plaintiffs respectfully request that the Court deny Defendants' judicial notice of Exhibits 1, 2, 7, 8, 10, 11, 12, 13, 14 and 15. *Olivera v. Am. Home Mortg. Servicing, Inc.*, 689 F. Supp. 2d 1218, 1222 n.4 (N.D. Cal. 2010) (Chesney, J.) (declining to take judicial notice, noting that the Court may "take judicial notice that these documents were filed" "only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents"); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (holding that courts "may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true")

Alternatively, if the Court considers these exhibits for their truth, it should convert the motion to dismiss into a motion for summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure because they are introduced to challenge the factual allegations in the Complaint. *See Delaney v. Aurora Loan Servicing, Inc.*, No. C 09-3131 VRW, 2009 WL 5062339, at *2 (N.D. Cal. Dec. 23, 2009) (converting a motion to dismiss into a motion for summary judgment where documentary evidence outside the pleadings was improperly introduced to contradict plaintiff's allegations).

7

Dated: January 6, 2025                      Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            */s/ Jing Chen*
                                            Jing Chen, Esq.
                                            101 Greenwood Ave, Suite 440
                                            Jenkintown, PA 19046
                                            Telephone: (215) 600-2817
                                            Facsimile: (212) 202-3827
                                            Email: jchen@rosenlegal.com

                                            Laurence M. Rosen (SBN 219683)
                                            355 South Grand Avenue, Suite 2450
                                            Los Angeles, CA 90071
                                            Telephone: (213) 785-2610
                                            Facsimile: (213) 226-4684
                                            Email:
                                            lrosen@rosenlegal.com

                                            Phillip Kim, Esq.
                                            275 Madison Avenue, 40th Floor
                                            New York, NY 10116
                                            Telephone: (212) 686-1060
                                            Facsimile: (212) 202-3827
                                            Email: philkim@rosenlegal.com


                                            *Lead Counsel for Plaintiffs*
                                            *and the Putative Class*

8

Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint, Case No. 3:24-Cv-02778-MMC

**CERTIFICATE OF SERVICE**

I, Jing Chen, hereby certify as follows:

I am a partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On January 6, 2025 I electronically filed the foregoing Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of their Motion to Dismiss Plaintiffs' Amended Class Action Complaint with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on January 6, 2025.

/s/ Jing Chen _____
Jing Chen

9

Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint, Case No. 3:24-Cv-02778-MMC