BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
EUNICE LEONG, State Bar No. 320499
eunice.leong@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
MICHAEL YU, State Bar No. 340255
michael.yu@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants AXT, Inc.,*
*Morris S. Young, and Gary L. Fischer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIG NOWAKOWSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AXT, INC., MORRIS S. YOUNG, and GARY L. FISCHER,<br><br>Defendants. | Case No.: 3:24-cv-02778-MMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date: March 7, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney |

DEFS' REPLY ISO REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Amended Complaint, AC, or | Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 47) |
| Defendants | Morris S. Young, Gary L. Fischer, and AXT, Inc. |
| Chen Declaration or Chen Decl. | Declaration of Jing Chen in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 60-1) |
| MTD | Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 53) |
| Opposition or Opp. | Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 60) |
| Opp. to RJN | Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 61) |
| Plaintiffs | Lead Plaintiff Charles Grubb and named plaintiff Craig Nowakowski |
| RJN | Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Amended Class Action Complaint (ECF No. 54) |

DEFS' REPLY ISO REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

**INTRODUCTION**

Plaintiffs would prefer the Court not to take judicial notice of publicly available information that contradicts their conclusory assertions. *See* Exhibits 1–2, 7–8, 10–15. But the Supreme Court *requires* the Court to take "plausible opposing inferences" into account in putative securities class actions. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324, 328 (2007) ("A plaintiff alleging fraud in a § 10(b) action . . . must plead facts rendering an inference of scienter *at least as likely as* any plausible opposing inference").[1] Here, the disputed exhibits are either publicly available documents "whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), or reflect "publicly available articles or other news releases of which the market was aware," *Costanzo v. DXC Tech. Co.*, 2020 U.S. Dist. LEXIS 132658, at *11 (N.D. Cal. July 27, 2020).

**ARGUMENT**

**I.    The Court Should Take Judicial Notice of Forms 4**

As a general matter, SEC filings such as Exhibits 11–15 are judicially noticeable. *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2023 U.S. Dist. LEXIS 57732, at *26 (N.D. Cal. Mar. 31, 2023) (judicially noticing SEC filings, "which courts routinely take notice of in federal securities actions"); RJN at 3. Although Plaintiffs argue that Exhibits 12–15 were "neither referenced in nor relied upon by the Complaint, nor are they relevant to the claims asserted therein," Opp. to RJN at 6, Defendants do not ask the Court to consider these documents through the incorporation by reference doctrine, *see* RJN at 1–2. Indeed, courts routinely take judicial notice of SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'" *Mendoza v. HF Foods Grp., Inc.*, 2021 U.S. Dist. LEXIS 160982, at *4 (C.D. Cal. Aug. 25, 2021); *see* RJN at 3. The exhibits at issue were all available during the relevant timeframe and reflect information available to the investing public.

Moreover, courts in this district routinely notice Forms 4 filed with the SEC in assessing whether Plaintiffs have adequately pleaded scienter. *See, e.g.*, *Park v. GoPro, Inc.*, 2019 U.S. Dist.

---

[1] Contrary to their own arguments, Plaintiffs themselves seek to introduce sources not explicitly cited in their pleadings. Chen Decl., Ex. D; Opp. at 10–11. However, beyond the impropriety of introducing new information in the Opposition that is omitted from their Amended Complaint, Plaintiffs have not moved the Court for judicial notice and thus none may be taken of Exhibit D to the Chen Declaration. *See* Opp. at 10–11.

1

DEFS' REPLY ISO REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

LEXIS 42961, at *20–24 (N.D. Cal. Mar. 15, 2019) (taking judicial notice to show that shares were sold pursuant to a Rule 10b5-1 plan); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (same); *In re Nuvelo, Inc., Sec. Litig.*, 2008 U.S. Dist. LEXIS 98441, at *9 (N.D. Cal. Dec. 4, 2008) ("Judicial notice of stock sales contained in securities filings with the SEC is appropriate," including to "demonstrate information available to the market.").

## II.    The Court Should Take Judicial Notice of the Submitted Government Records

Exhibits 1–2 and 7–8 reflect "undisputed and publicly available information displayed on government websites," or certified translations thereof, which are properly subject to judicial notice. *Krystofiak v. BellRing Brands, Inc.*, 2024 U.S. Dist. LEXIS 106364, at *39 (N.D. Cal. June 14, 2024) (quoting *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018)). Although Plaintiffs attempt to take refuge in their failure to review this publicly available information that contradicts their claims, arguing that they were unaware of the websites' existence, Opp. to RJN at 3–4, this is not a basis for the Court to decline to judicially notice these documents. To the contrary, Plaintiffs' argument merely calls into doubt the "independent[]" investigation they refer to in opposing Defendants' motion to dismiss. Opp. at 23.

Nor are these "sporadic" filings that were not readily available to the investing public, as Plaintiffs contend. Opp. to RJN at 3–5. Plaintiffs' case law does not constrain the Court from judicially noticing Exhibits 1–2 and 7–8. For example, Plaintiffs cite *In re WorldCom, Inc. Securities Litigation*, 346 F. Supp. 2d 628 (S.D.N.Y. 2004), *In re China Mobile Games & Entertainment Group, Ltd. Securities Litigation*, 2016 U.S. Dist. LEXIS 29258 (S.D.N.Y. Mar. 7, 2016), and *Dartell v. Tibet Pharmaceuticals, Inc.*, 2016 U.S. Dist. LEXIS 21541 (D.N.J. Feb. 22, 2016), for the proposition that "sporadic" Chinese-language news articles are not publicly accessible to U.S. investors. Opp. to RJN at 3–5. But governmental information about the status of an IPO is a far cry from news articles of unspecified provenance. Further, Exhibits 1–2 and 7–8 are all publicly available, unlike the information at issue in *Snellink v. Gulf Resources, Inc.*, 870 F. Supp. 2d 930, 937 (C.D. Cal. 2012), where the court noted that "authorization of a [] company representative was required for access." Nor would accessing this information require a U.S. investor to "travel to China, communicat[e] in Chinese, read[] signs in Chinese, and translat[e] financial filings in Chinese," as in *China Mobile*

2

*Games*, 2016 U.S. Dist. LEXIS 29258, at *28 n.12. *See* Opp. to RJN at 4. The report at issue in *China Mobile Games* included information that required the short-seller to, among other things, visit a company office in China and speak to a receptionist. 2016 U.S. Dist. LEXIS 29258, at *15 n.7. That is not the case here, where anyone, anywhere in the world—including Plaintiffs' counsel—could access the dockets of the Chinese authorities with the click of a mouse.

**III.    The Court Should Take Judicial Notice of J Cap's Disclaimer**

Exhibit 10, which is the public disclaimer provided on the J Cap website, is a "[p]ublicly accessible website[]" that is "the proper subject[] of judicial notice." *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 895 (N.D. Cal. 2022); RJN at 4. To access the J Cap Blogpost, "one must first view, at minimum . . . the [J Cap's disclaimer language on J Cap's] home page." *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005); *see* MTD at 4, 21. Judicial notice of the context of webpages is appropriate because "[j]ust as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those [web] pages." *Knievel*, 393 F.3d at 1076. Contrary to Plaintiffs' assertion and as discussed at length in Defendants' motion to dismiss, "numerous courts have noted concerns with relying on reports written by entities with serious financial incentives to damage a company's stock price." *Jedrzejczyk v. Skillz Inc.*, 2022 U.S. Dist. LEXIS 117803, at *18 (N.D. Cal. July 5, 2022); *see also* Opp. to RJN at 5; MTD at 21.

That is all the more so, as J Cap's disclaimer is intended to accompany its blogposts attacking public companies. The two then need to be considered together.

<strong>CONCLUSION</strong>

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Request for Judicial Notice.

Dated: February 12, 2025                    FRESHFIELDS US LLP

                                            By: */s/ Boris Feldman*
                                                    Boris Feldman

                                            *Attorneys for Defendants AXT, Inc.,*
                                            *Morris S. Young, and Gary L. Fischer*

DEFS' REPLY ISO REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC