IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG NOWAKOWSKI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AXT INC., et al.,<br><br>    Defendants. | Case No. 24-cv-02778-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Before the Court is defendants AXT, Inc. ("AXT"), Morris Young ("Young"), and Gary L Fischer's ("Fischer") Motion, filed November 8, 2024, "to Dismiss Plaintiffs' Amended Class Action Complaint." Plaintiffs Craig Nowakowski and Charles Grubb have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court rules as follows.[2]

**BACKGROUND**

In the operative complaint, the Amended Class Action Complaint ("AC"), plaintiffs, who state they have purchased stock in defendant AXT (see AC ¶¶ 10-11), allege that AXT, a "materials science company," obtains "almost all of [its] revenue" from the operations of Tongmei, its "subsidiary based in China" (see AC ¶¶ 21-22, 24). According to plaintiffs, AXT announced in November 2020 that it planned "to list Tongmei on China's STAR Market, an exchange established by the Chinese government" (see AC

---

[1] In support of its motion, defendants request the Court take judicial notice of fifteen documents. As the Court does not find it necessary to consider those documents to address the instant motion, said request is hereby DENIED.

[2] By order filed February 28, 2025, the Court took the matter under submission.

1  ¶ 26), and that it thereafter raised $49.6 million from "private equity firms in China" in
2  exchange for "a 7.28% non-controlling interest in Tongmei" and gave those firms the right
3  to redeem their shares if "Tongmei's IPO application" was "rejected" or Tongmei
4  "withdrew" it (see AC ¶¶ 29-30).  Plaintiffs also allege that, in December 2021, Tongmei
5  submitted its IPO application to the Shanghai Stock Exchange, which entity, in August
6  2022, "gave preliminary approval and forwarded an amended version of [the IPO
7  application] to the CSRC [China Securities Regulatory Commission]."  (See AC ¶ 32.)
8         Plaintiffs further allege that AXT filed reports with the Securities and Exchange
9  Commission ("SEC") on, respectively, March 23, 2021, January 10, 2022, March 15,
10 2022, August 2, 2022, March 16, 2023, and March 14, 2024, containing, according to
11 plaintiffs, "materially false and misleading statements."  (See AC at 15:1-2, ¶¶ 59-90.)  In
12 that regard, plaintiffs contend, AXT failed to disclose in those reports that "there were
13 specific, known material risks that Tongmei's IPO attempt would fail, requiring AXT to
14 refund the $49 million investment to the pre-IPO Chinese corporate investors and that
15 AXT's financial condition, and business operations would be adversely impacted."  (See
16 AC ¶¶ 63, 65, 68, 70, 72, 75, 77, 79, 81, 84, 86, 88, 90; see also AC ¶ 61.)
17        Plaintiffs' allegations include an acknowledgment that the above-referenced
18 reports AXT filed with the SEC contained what plaintiffs refer to as "risk disclosures" (see
19 AC ¶¶ 60, 67, 69, 76, 78, 80, 85, 87, 89), for example, that "[t]he proposed Tongmei IPO
20 on the STAR market in China could fail to be completed" (see AC ¶ 67), and that "[t]he
21 terms of the private equity raised by Tongmei in China grant each investor a right of
22 redemption if the IPO fails to pass the audit of the Shanghai Stock Exchange, is not
23 approved by the CSRC or Tongmei cancels the IPO application[,] [which] could result in
24 disgorging the cash [Tongmei] raised from the [i]nvestors" (see AC ¶ 78).  Plaintiffs
25 allege, however, that the risk disclosures were "incomplete and materially false and
26 misleading" (see AC ¶¶ 63, 65, 68, 72, 75, 77, 79, 81, 84, 86, 88, 90; see also AC ¶¶ 61,
27 70) for the asserted reason that AXT did not disclose that "Tongmei had stolen trade
28 secrets from its competitors, leading to a criminal investigation and pending prosecution

2

in China" (see AC ¶ 3).

In light of the above, plaintiffs assert two causes of action on their own behalf and on behalf of a putative class, namely, "Violations of Section 10(b) and Rule 10b-5 Promulgated Thereunder" (Count I) and "Violations of Section 20(a) of the Exchange Act" (Count II).

**DISCUSSION**

The elements of a private securities fraud action under § 10b, Rule 10b-5, and § 20(a) are "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." See Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1055, 1061 (9th Cir. 2008) (internal quotation and citation omitted). In their motion, defendants argue the AC is subject to dismissal for failure to allege, as is required by the Private Securities Litigation Reform Act ("PSLRA"), sufficient facts to meet what the Ninth Circuit has described as the "formidable pleading requirements" applicable in "private securities fraud class actions," see id. at 1054-55, and, in particular, facts sufficient to support a finding of "falsity," see id. at 1070.[3]

"To plead falsity adequately under the PSLRA[,] the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." Glazer Capital Mgmt., L.P. v. Forescout Technologies, Inc., 63 F.4th 747, 765 (9th Cir. 2023) (internal quotation and citation omitted; emphasis omitted). "In doing so, the plaintiff must reveal the sources of his information." Id. (internal quotation, alteration, and citation omitted).

In the instant action, plaintiffs allege that Tongmei, in 2019, hired a former

---

[3] In light of the Court's findings stated herein with respect to falsity, the Court has not addressed defendants' additional arguments that the AC fails to sufficiently plead scienter and loss causation.

employee of a competitor known as Sinocryst who "brought with him trade secrets" of Sinocryst (see AC ¶ 38), that Tongmei "used" Sinocryst's trade secrets to "quickly develop" products (see id.), that Sinocryst, in 2021, "reported the violation" to the Yucheng City Public Security Bureau, which agency "obtained evidence of Tongmei's IP infringement" and "launched a criminal investigation" (see AC ¶¶ 39-40), and that said agency, in 2023, "completed its investigation and transferred the case records to the People's Procuratorate, or public prosecutor's office, pending criminal prosecution" (see AC ¶ 41).

Plaintiffs fail to expressly allege, however, "the sources of [their] information," see Glazer Capital Mgmt., 63 F.4th at 765, and, to the extent plaintiffs implicitly allege the source was a "report" issued in April 2024 by "J Capital Research" (see AC ¶ 93 (alleging J Capital Research report "revealed the criminal investigation against Tongmei due to the IP infringement as stated above [in the AC]")), plaintiffs' reliance is unavailing. Although courts have found that a plaintiff, to "allege falsity at the pleading stage," can "rely on a short seller report"[4] that contains "indicia of reliability," such as where the report "relies on publicly filed documents," see Hershewe v. Joyy Inc., 2021 WL 6536670, at *4 (C.D. Cal. November 5, 2021) (citing cases), here, the AC does not allege the source or sources on which J Capital Research relied, much less a source that is of the type on which a securities fraud claim can be based, see id. at *5 (finding short seller report insufficient to plead falsity, where short seller "did not corroborate its core conclusions" and cited only to "unverified and unverifiable information").

Accordingly, the AC will be dismissed for failure to sufficiently allege falsity. As it appears plaintiffs may be able to cure the deficiency identified,[5] the Court will afford

---

[4] Although not alleged in the AC, the parties agree that J. Capital Research is a "short seller." (See Defs.' Mot. at 1:16-17; Pls.' Opp. at 23:15-16.)

[5] In support of their opposition, plaintiffs have offered five exhibits, and, although, as defendants note, a plaintiff cannot amend a pleading by citing to information not contained therein, the Court has considered the exhibits in determining whether leave to amend should be afforded.

4

plaintiffs leave to amend.[6]

## CONCLUSION

For the reasons stated above, the motion to dismiss is hereby GRANTED, and the Amended Class Action Complaint is DISMISSED, with leave to amend. Any Second Amended Class Action Complaint shall be filed no later than June 27, 2025.

**IT IS SO ORDERED.**

Dated: May 28, 2025

MAXINE M. CHESNEY
United States District Judge

---

[6] In any further pleading, plaintiffs are not limited to amending their falsity allegations, and may choose to amend other allegations as well.

5