BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
EUNICE LEONG, State Bar No. 320499
eunice.leong@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants AXT, Inc.,*
*Morris S. Young, and Gary L. Fischer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIG NOWAKOWSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AXT, INC., MORRIS S. YOUNG, and GARY L. FISCHER,<br><br>Defendants. | Case No.: 3:24-cv-02778-MMC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: August 15, 2025<br>Time: 9:00 a.m.<br>Location: Courtroom 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney |

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

Defendants AXT, Inc. ("AXT"), Morris S. Young, and Gary L. Fischer (collectively, the "Defendants") respectfully request that the Court consider the following documents submitted in support of their Motion to Dismiss ("Motion") Plaintiff's Seconded Amended Class Action Complaint ("Second Amended Complaint"). The documents described below are (1) incorporated by reference into the Second Amended Complaint, (2) the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, or (3) both. True and correct copies of Exhibits 1–15 described below are attached to the Declaration of Eunice Leong in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint, ECF No. 53-1. True and correct copies of Exhibits 16–17 described below are attached to the concurrently filed Supplemental Declaration of Eunice Leong.

## ARGUMENT

When considering a motion to dismiss a claim under the federal securities laws, courts "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The exhibits ("Ex.") attached to or referenced by the Leong Declaration are properly considered in connection with the Motion because each of them satisfies one or both of these conditions.

### I.    The Court May Consider Documents Incorporated by Reference

Under the incorporation by reference doctrine, where "the plaintiff refers extensively to [a] document or the document forms the basis of the plaintiff's claim," the Court may examine the same. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.* The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* On a motion to dismiss, this Court and others in this district regularly considers documents cited in complaints. *See, e.g., Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that plaintiffs "quoted throughout the Complaint" and were "necessary to assess the veracity of the challenged statement in context"); *see also Jedrzejczyk v. Skillz Inc.*, 2022 WL 2441563, at *3 (N.D. Cal. July 5, 2022) (considering documents incorporated by reference).

Accordingly, Defendants respectfully request that the Court consider the following documents because they are relied upon, quoted, or referenced in the Second Amended Complaint[1]:

- Ex. 3: Declaration and certification of translation, true and correct copy, and true and correct translation of an *Economic Herald* article titled "Exclusive: Obstacles for Beijing Tongmei Xtal's IPO as Investigation Concludes in the 'Shandong Guojing Trade Secret Infringement Case' - Criminal Prosecution Pending," dated March 13, 2023, https://mp.weixin.qq.com/s/81-8iadKB7P9EnOlSY8NEQ, along with a true and correct copy and true and correct translation of the Case Initiation Notice, therein. *See, e.g.*, ¶ 68–73, 78–80, 96, 98–100, 164. Defendants further respectfully request that the Court consider Exhibit 3 rather than Plaintiffs' Exhibit 5, which lacks a certification by a translator.

- Ex. 4: AXT's Form 10-K for the fiscal year ended December 31, 2023, which was publicly filed with the U.S. Securities and Exchange Commission ("SEC") on March 15, 2024. *See, e.g.*, ¶¶ 143–44, 146, 148.

- Ex. 5: Beijing Tongmei Xtal Technology Co., Ltd. ("Tongmei") Prospectus in respect of Initial Public Offering and Shanghai Stock Exchange's Science and Technology Innovation Board (the "STAR Market") Listing of Shares, publicly filed with the SEC as Exhibit 99.1 to AXT's Form 8-K on January 10, 2022. *See, e.g.*, ¶ 120.

- Ex. 6: AXT's Form 10-K for the fiscal year ended December 31, 2020, which was publicly filed with the SEC on March 23, 2021. *See, e.g.*, ¶¶ 26, 50–51, 117–18.

- Ex. 9: J Capital Research ("J Cap") short-seller blogpost titled "AXTI may be on the brink of collapse," dated April 4, 2024. *See, e.g.*, ¶¶ 9, 68, 76, 152, 154–55.

- Ex. 11: "Reply to the Second Round Audit Inquiry Letter on Application for Initial Public Offering and STAR Market Listing of Shares by Beijing Tongmei Xtal Technology Co., Ltd.," publicly filed with the SEC as Exhibit 99.1 to AXT's Form 8-K on June 17, 2022. *See, e.g.*, ¶ 129–30.

---

[1] The article with accompanying Case Initiation Notice (Ex. 3), SEC filings (Ex. 4–6), and short-seller blogpost (Ex. 9) which Defendants request the Court consider incorporated by reference in the Complaint are also properly subject to judicial notice. *Infra* at 2.

2

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

- Ex. 17: Declaration and certification of translation, true and correct copy, and true and correct translation of the Project Basic Information webpage for Beijing Tongmei Xtal Technology Co., Ltd. on the Shanghai Stock Exchange website, https://www.sse.com.cn/listing/renewal/ipo/index_listing_detail.shtml?auditId=1065, last accessed July 7, 2025. *See, e.g.*, ¶ 114.

## II. The Court May Take Judicial Notice of Public Information

Pursuant to Federal Rule of Evidence 201(b), the Court may take judicial notice of "fact[s] that [are] not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Mehedi v. View, Inc.*, 2023 WL 3592098, at *3 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory'"); *see also Wong v. Arlo Techs., Inc.*, 2019 WL 7834762, at *3 (N.D. Cal. Dec. 19, 2019) (same). Accordingly, Defendants respectfully request that the Court take judicial notice of the following SEC filings and press releases, news articles, and other public materials.[2]

### A. SEC Filings

The Court may judicially notice SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'" *Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021); *see also In re ON24, Inc. Sec. Litig.*, 2023 WL 7449838, at *1 n.1 (N.D. Cal. July 7, 2023) ("Judicial notice of SEC filings is appropriate."); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings "was proper"); *In re Astra Space, Inc. f/k/a/ Holicity Inc. Sec. Litig.*, 2023 WL 4983156, at *5 n.1 (N.D. Cal. Aug. 2, 2023) (taking judicial notice of SEC filings not referenced in the complaint); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (finding SEC filings to be "routinely subject to judicial notice," even when plaintiffs' claims do not depend on them and plaintiffs do not reference them in their complaint).

---

[2] In addition to being incorporated by reference in the Second Amended Complaint, Exhibit 11 is judicially noticeable as an SEC filing, and Exhibits 3, 9, and 17 and judicially noticeable as relevant, public information whose accuracy is not subject to reasonable dispute.

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

Accordingly, the Defendants respectfully request that the Court consider the following documents publicly filed with the SEC:

- Ex. 12: Form 4 publicly filed by Morris S. Young with the SEC on March 18, 2021.
- Ex. 13: Form 4 publicly filed by Morris S. Young with the SEC on November 14, 2023.
- Ex. 14: Form 4 publicly filed by Gary L. Fischer with the SEC on February 22, 2021.
- Ex. 15: Form 4 publicly filed by Gary L. Fischer with the SEC on November 14, 2023.
- Ex. 16: AXT's Form 8-K publicly filed with the SEC on April 18, 2022.

**B. Government Records, Press Releases, and Other Public Materials**

The Court may take judicial notice of news and journal publications and information on publicly accessible websites because they (1) "indicat[e] what information was in the public realm at the time[,]" and (2) "meet the standards for admissibility set forth in [Rule] 201(b)." *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Homyk v. Chemocentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) (taking judicial notice of journal articles and other publications is proper to determine what information was available to the market); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal. 2020) (taking judicial notice of news articles because they "reflect[] publicly available information about the company"); *Kang*, 620 F. Supp. 3d at 895 ("[p]ublicly accessible websites and news articles" are "the proper subjects of judicial notice"); *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *8 (C.D. Cal. Mar. 5, 2021) ("Courts may take judicial notice that the information contained in sources such as news articles, press releases, and webpages was available to the public."); *In re Cloudera, Inc. Sec. Litig.*, 2022 WL 14813896, at *4 (N.D. Cal. Oct. 25, 2022) (taking judicial notice publicly-available information from the "New York Stock Exchange's . . . Listed Company Manual"). The same is true of press releases. *Cheng v. Activision Blizzard, Inc.*, 2022 WL 2101919, at *6 (C.D. Cal. Apr. 18, 2022) (judicially noticing defendant company's press releases); *Ardolino v. MannKind Corp.*, 2016 WL 4505172, at *3–4 (C.D. Cal. Aug. 23, 2016) (same). Short-seller posts are also the proper subjects of judicial notice. *In re Sorrento Therapeutics Sec. Litig.*, 2021 WL 6062943, at *4 (S.D. Cal. Nov. 17, 2021) (judicially noticing short-seller reports because courts "may properly look to

4

those reports to understand the total mix of information available to investors over the class period") (internal citations and quotations omitted).

Information in a publicly available government record is also properly subject to judicial notice. *See GeoVector Corp. v. Samsung Elecs. Co.*, 234 F. Supp. 3d 1009, 1016 n.2 (N.D. Cal. Feb. 14, 2017); *Krystofiak v BellRing Brands, Inc.*, 737 F.Supp.3d 782, 807 (N.D. Cal. 2024) (Tse, J.) ("The Court may take judicial notice of 'undisputed and publicly available information displayed on government websites.'"). This includes certified translations of matters of public record. *See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990) (taking judicial notice of English translation of minutes); *Microsemi Corp. v. Silicon Networks, Ltd.*, 2017 WL 7201878, at *3 (C.D. Cal. Sept. 14, 2017) (judicially noticing certified translation of court document).

Accordingly, the Defendants respectfully request that the Court take judicial notice of the following documents:

- Ex. 1: Declaration and certification of translation, true and correct copy, and true and correct translation of the China Securities Regulatory Commission ("CSRC") Basic Information of Registrant Corporations for the STAR Market provided on the CSRC website, http://www.csrc.gov.cn/csrc/c105903/c1489522/content.shtml, along with a true and correct copy and true and correct translation of the Basic Information table, linked therein, http://www.csrc.gov.cn/csrc/c105903/c1489522/1489522/files/%E7%A7%91%E5%88%9B%E6%9D%BF%E7%94%B3%E8%AF%B7%E6%B3%A8%E5%86%8C%E4%BC%81%E4%B8%9A%E5%9F%BA%E6%9C%AC%E6%83%85%E5%86%B5%E8%A1%A8%EF%BC%88%E6%88%AA%E6%AD%A22024%E5%B9%B410%E6%9C%8831%E6%97%A5).xls.
- Ex. 2: Declaration and certification of translation, true and correct copy, and true and correct translation of the STAR Market Registration Information for Tongmei provided on the STAR Market website. https://listing.sse.com.cn/renewal/xmxq/index.shtml?auditId=1065&anchor_type=0.
- Ex. 7: Overview of the STAR Market provided on the STAR Market website. https://star.sse.com.cn/en/gettingstarted/overview/.

5

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC

- Ex. 8: Shanghai Stock Exchange article titled "Forging Ahead with Solid Foundation: An Overview of the SSE STAR Market Companies' Operating Performance in 2023," dated April 30, 2024. https://english.sse.com.cn/news/newsrelease/c/c_20240514_10755874.shtml.
- Ex. 10: J Cap's public disclaimer provided on the J Cap website. https://www.jcapitalresearch.com/.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' claims with prejudice.


Dated: July 11, 2025                                FRESHFIELDS US LLP


                                                    By: */s/ Eunice Leong*
                                                            Eunice Leong

                                                    *Attorneys for Defendants*

6

DEFS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:24-cv-02778-MMC