BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
EUNICE LEONG, State Bar No. 320499
eunice.leong@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants AXT, Inc.,
Morris S. Young, and Gary L. Fischer*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIG NOWAKOWSKI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AXT, INC., MORRIS S. YOUNG, and GARY L. FISCHER,<br><br>Defendants. | Case No.: 3:24-cv-02778-MMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Maxine M. Chesney |

DEFS' OPP. TO PLAINTIFFS'
CONTINUANCE MOTION
CASE NO. 3:24-cv-02778-MMC

It is often the case that defendants are the ones trying to slow down litigation, while plaintiffs try to speed it up. It is always an interesting sign when the situation is reversed.

Defendants respectfully oppose Plaintiffs' request to continue the hearing on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion"). ECF No. 75.

First, as Defendants have conveyed to Plaintiffs' counsel, in almost any other circumstances, Defendants would gladly agree to a courtesy accommodation of travel schedules. Here, however, as Defendants have shared with Plaintiffs' counsel multiple times, the existence of Plaintiffs' meritless lawsuit is slowing down Tongmei's IPO on Shanghai's STAR Market. *See, e.g.*, ECF No. 71 at 2; ECF No. 53 at 2. This is because Chinese securities authorities are unfamiliar with private securities class actions, which do not exist in China. *See* Lu Li et al., *Reforming private securities litigation in China: Does private enforcement by minority shareholders matter to corporate fraud?*, 64 FIN. RSCH. LETTERS at 1 (2024) (class resolution of "private securities litigation" "prohibit[ed]" under Chinese securities law). Defendants must, as a result, litigate this case as expeditiously as possible under the federal and local rules to avoid further delay of Tongmei's IPO.

Second, when the parties initially discussed a briefing schedule for the Motion, Defendants offered alternatives to the default schedule. Plaintiffs declined. Defendants therefore noticed—and the Court entered—the current hearing date of August 15, 2025. Even if one of Plaintiffs' attorneys will be out of town on that date, ECF No. 75 at 1–2, one attorney's temporary unavailability should not prejudice the legitimate business interests of thousands of AXT shareholders. We know and trust that a firm seeking to represent a plaintiff class has sufficient resources so that this case may proceed in an orderly and speedy manner, even without the presence of one specific attorney.

Defendants respectfully request that the Court exercise its "inherent power" to proceed with the hearing as noticed. *See Multifam. Captive Grp., LLC v. Assurance Risk Managers, Inc.*, 2008 WL 2947691, at *1 (E.D. Cal. July 28, 2008) (denying continuance motion).

Dated: July 29, 2025

FRESHFIELDS US LLP

By: /s/ Boris Feldman
　　　　　Boris Feldman

*Attorneys for Defendants*

DEFS' OPP. TO PLAINTIFFS'　　　　　　　1
CONTINUANCE MOTION
CASE NO. 3:24-cv-02778-MMC