BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
EUNICE LEONG, State Bar No. 320499
eunice.leong@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants AXT, Inc.,
Morris S. Young, and Gary Fischer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRAIG NOWAKOWSKI, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>AXT, INC., MORRIS S. YOUNG, and GARY L. FISCHER,<br><br>                    Defendants. | Case No.: 3:24-cv-02778-MMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date: September 12, 2025<br>Time: 9:00 A.M.<br>Location: Courtroom 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney |

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| ¶ or Second Amended Complaint | Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed June 27, 2025 (ECF No. 69) |
| CSRC | China Securities Regulatory Commission |
| Defendants | AXT, Inc., Morris S. Young, and Gary Fischer |
| IPO | Initial Public Offering |
| MTD | Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed July 11, 2025 (ECF No. 71) |
| Reply | Reply in Support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed August 1, 2025 (ECF No. 79) |
| RJN | Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint, filed July 11, 2025 (ECF No. 72) |
| RJN Opp. | Plaintiffs' Opposition to Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint, filed July 25, 2025 (ECF No. 74) |
| STAR Market | Shanghai Stock Exchange's Science and Technology Innovation Board |
| Tongmei | Beijing Tongmei Xtal Technology Co., Ltd. |

Emphasis is added unless otherwise noted. Certain quotation marks, alteration marks, citations, and emphases have been omitted.

**INTRODUCTION**

Defendants' exhibits serve two purposes. First, they provide the Court with access to the full body of materials implicated by the Second Amended Complaint. Second, they ensure that the Court's factual landscape is not biased by Plaintiffs' conclusory allegations and "alternative facts."[1]

Plaintiffs insist that Defendants are trying to use their exhibits to resolve "factual disputes" at the pleading stage. Within this argument lies a faulty premise: that Plaintiffs have presented this Court with well-pleaded facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (only "[w]hen there are well-pleaded factual allegations" should "a court [] assume their veracity"). As Defendants' Motion to Dismiss makes clear, they have not. MTD at 10–11, 13; *see generally* Reply. Most notably:

- Plaintiffs allege that Tongmei was subject to a criminal action in China, but do not cite a *single* source saying so, *e.g.*, ¶¶ 72–73 ("nor did the article report who the recipient of this [Notice of Case Initiation] was"), MTD at 10–11; Reply at 3–4.
- Plaintiffs claim that Tongmei's IPO is "effectively abandoned," ¶ 112, but ignore recent, publicly available updates to Tongmei's IPO application, MTD at 13.

In Plaintiffs' imaginary world, the Court would ignore verifiable reality and accept as true any allegation, however fanciful. But as the Ninth Circuit has recently instructed, district courts need not "accept as true allegations that contradict matters properly subject to judicial notice." *Hershewe v. Joyy, Inc.*, 2023 WL 3316328, at *1 (9th Cir. May 9, 2023). Were it otherwise, false and defective allegations such as Plaintiffs' "could not be dismissed . . . even though they [are] doomed to failure." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997).

**ARGUMENT**

Judicial notice functions, in part, to ensure that courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The separate doctrine of incorporation by reference safeguards courts against being forced to "consider only the few []

---

[1] As Chuck Todd pointed out in his famous *Meet The Press* interview with Kellyanne Conway, "alternative facts are not facts—they're falsehoods." NBC News, *Kellyanne Conway: Press Secretary Sean Spicer Gave 'Alternative Facts' | Meet The Press*, YouTube (Jan. 22, 2017), https://www.youtube.com/watch?v=VSrEEDQgFc8.

DEFS' REPLY ISO RJN                                                    1
CASE NO. 3:24-cv-02778-MMC

documents that would allow [a] suit to proceed while turning a blind eye to any portion of the [] documents that might prevent the suit from proceeding." *Overstreet v. Living Spaces Furniture LLC*, 2023 WL 4408269, at *3 (D. Ariz. July 7, 2023). Defendants' exhibits (1) are properly before the Court under these complementary doctrines and (2) fulfill their shared aims of promoting accuracy and completeness by dispelling allegations that lack factual basis.

**I. DEFENDANTS' EXHIBITS ARE SUBJECT TO JUDICIAL NOTICE AND ARE INCORPORATED BY REFERENCE IN THE SECOND AMENDED COMPLAINT**

As set forth in Defendants' Request for Judicial Notice, Exhibits 3–6, 9, 11, and 17 are incorporated by reference in the Second Amended Complaint, and Exhibits 1, 2, 7, 8, 10, and 12–16 are subject to judicial notice. Plaintiffs do not object to the incorporation by reference of Exhibits 3–6, 9, 11, and 17, and thus concede that those exhibits are properly before the Court. *Hessong v. Pinterest, Inc.*, 2021 WL 4339193, at *3 (N.D. Cal. Sept. 23, 2021) (granting judicial notice and incorporation by reference where "Plaintiff d[id] not oppose or otherwise dispute" the documents).

Plaintiffs instead dispute only the exhibits submitted for judicial notice. Like many securities plaintiffs opposing judicial notice, Plaintiffs rely heavily on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), to argue that these exhibits are improper. RJN Opp. at 1. But Plaintiffs sidestep the legal foundation for Defendants' request and misconstrue *Khoja*'s core holdings.

**A. Defendants' Exhibits Meet the Requirements for Judicial Notice**

Federal Rule of Evidence 201 provides a clear formula for judicial notice. A court may take "notice [of] an adjudicative fact if it is 'not subject to reasonable dispute,'" by way of the fact being "generally known" or able to "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). To qualify as adjudicative facts, those facts must be relevant to the issues in the case. *Id.* at 1000 n.5.

Defendants' exhibits proposed for judicial notice meet these requirements:

- Exhibits 1, 2, 7, 8, and 10 are webpages from the China Securities Regulatory Commission ("CSRC"), Shanghai Stock Exchange (and its STAR Market),[2] and the

---

[2] While U.S. securities exchanges are typically private, self-regulatory entities, the Shanghai Stock Exchange is a "nonprofit organization run by the [CSRC]." James Chen, *Shanghai Stock Exchange: What it is, How it Works*, Investopedia (June 30, 2022), https://www.investopedia.com/terms/s/shanghai-stock-exchange.asp.

DEFS' REPLY ISO RJN                                        2
CASE NO. 3:24-cv-02778-MMC

short-seller J Capital Research. RJN at 4–6. "[A] court may take judicial notice of public records of governmental entities . . . including information posted on government websites, and may also take notice of undisputed information on a private entity's website . . . in the absence of any objection [] as to the authenticity" of the information. *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co., Ltd.*, 2021 WL 824768, at \*7 n.3 (S.D. Cal. Mar. 4, 2021) (quoting *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at \*2 (N.D. Cal. Nov. 15, 2013)).

- Exhibits 12–16 are certain of AXT's filings with the U.S. Securities and Exchange Commission. RJN at 3–4. Ninth Circuit courts routinely take judicial notice of defendant-companies' SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'" *Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at \*2 (C.D. Cal. Aug. 25, 2021).

Plaintiffs seek to prevent judicial notice of these exhibits on three grounds. Each fails.

***First***, Plaintiffs argue that Exhibits 1, 2, 7, 8, 10, and 12–16 "are not referenced, relied upon, or central to the Complaint." RJN Opp. at 3, 5, 6. This argument is inapplicable. Defendants do not submit that these documents appear in the Second Amended Complaint, or else they would be incorporated by reference. Instead, Plaintiffs have failed to challenge the authenticity or relevance of Defendants' exhibits, and thus concede their judicial noticeability. *See Philips v. Ford Motor Co.*, 2015 WL 4111448, at \*3 n.5 (N.D. Cal. July 7, 2015) (granting judicial notice where "Plaintiffs d[id] not contest the documents' authenticity or relevance").[3]

***Second***, Plaintiffs assert that "Chinese-language news articles are not considered publicly accessible to U.S. investors." RJN Opp. at 4 (Ex. 1–2), 5 (Ex. 7–8). There is no basis for this inference—beyond Plaintiffs' say-so. Clearly, these articles are accessible to U.S. investors, since they were picked up, at a minimum, by the short-seller blogpost on which this entire lawsuit is

---

[3] Plaintiffs appear to challenge the relevance of Defendants' Exhibits 12–15 (Defendants Young and Fischer's SEC Forms 4) and Exhibit 16 (a Form 8-K) without explaining how they are irrelevant. RJN Opp. at 6. Contradictorily, Plaintiffs then note that matters related to these exhibits are "extensively discussed in Plaintiffs' Opposition." *Id.*

DEFS' REPLY ISO RJN                                                3
CASE NO. 3:24-cv-02778-MMC

premised. *E.g.*, ¶ 154 ("The J Capital Report's analysis . . . relied on its analysis of the Economic Herald Article and Koukou Article."). There is no reason why other investors could not do the same. In fact, the entire point of market efficiency is that investors do so. *See* Daniel R. Fischel, *Efficient Capital Markets, the Crash, and the Fraud on the Market Theory*, 74 Cornell L. Rev. 907, 910 (July 1989) ("The efficient capital markets hypothesis posits that stock prices quickly reflect information without bias."); Eugene F. Fama, *Efficient Capital Markets: A Review of Theory and Empirical Work*, 74 J. Fin. 383 (May 1970) ("A market in which prices always 'fully reflect' available information is called 'efficient.'"). And Plaintiffs affirmatively alleged that the market for AXT's securities was efficient. ¶ 171.

Besides, whether foreign-language documents are "publicly accessible to U.S. investors" has no bearing on judicial notice. RJN Opp. at 4–5. Ninth Circuit courts routinely hold that "where properly authenticated, foreign court documents are properly the subject of judicial notice." *Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, 2016 WL 4072332, at *1 n.3 (C.D. Cal. July 27, 2016) (collecting cases).

*Third*, Plaintiffs complain—and, consequently, admit—that some of Defendants' exhibits "contradict[] the . . . Complaint." *E.g.*, RJN Opp. at 3. But the fact that judicially noticeable materials contradict Plaintiffs' allegations is not a barrier to judicial noticeability. Instead, the Court is not required to "accept" those allegations "as true." *Hershewe*, 2023 WL 3316328, at *1; *infra* at 5–6.

### B.  *Khoja* Did Not Clear a Path For Defective Factual Allegations

Contrary to Plaintiffs' characterizations, the Ninth Circuit's decision in *Khoja* reaffirmed—rather than diverged from—the Supreme Court's holding that, "in assessing securities fraud claims, 'courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular . . . matters of which a court may take judicial notice.'" 899 F.3d at 998 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Plaintiffs argue that *Khoja* forbids "Defendants . . . 'present[ing] their own version of the facts at the pleading stage.'" RJN Opp. at 1 (quoting *Khoja*, 899 F.3d at 999)). But as the *Khoja* court explained, its concern was with the presentation of "competing ***theories***" at the pleading stage and the creation of improper factual "defense[s] to the

*well-pled allegations*." *Khoja*, 899 F.3d at 998, 1002. In short, *Khoja* represents the principle that judicial notice cannot be wielded to defeat allegations that are facially plausible and not foreclosed by true facts. It does not enable complaints to evade dismissal where their allegations "contradict matters properly subject to judicial notice." *Hershewe*, 2023 WL 3316328, at *1; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (same).[4]

### C. The Court Should Not Credit Plaintiffs' Conclusory Allegations, Especially When Contradicted by Judicially Noticeable Documents

Plaintiffs protest that certain of their allegations are contradicted by Defendants' judicially noticeable exhibits. Specifically, Plaintiffs point to Exhibits 1 and 2 as "contradict[ing]" their allegation that "Tongmei has failed to respond to the CSRC's inquiries, thereby effectively blocking and abandoning its IPO." RJN Opp. at 3–4; *see also* ¶ 112. As a threshold matter, Plaintiffs have failed to object to those exhibits' authenticity or relevance and thus concede judicial notice as to those materials. *Supra* at 2–4.

Plaintiffs' insistence that information subject to judicial notice cannot contradict allegations in the Second Amended Complaint is not supported by *Khoja* or other Ninth Circuit rulings. "Although [courts] normally treat all of a plaintiff's factual allegations in a complaint as true," Plaintiffs cannot plead away reality. *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014). Where dismissal is appropriate if "attachments" to a complaint "fatally undercut [its] allegations," so too must courts discredit "allegations that contradict matters properly subject to judicial notice." *Id.* at 1115–16; *see also Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) ("And if those documents [incorporated by reference into the complaint] conflict with allegations in the complaint, we need not accept those allegations as true."); *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice."). Here, Plaintiffs fail to substantiate their allegations (i) that Tongmei was subject to a criminal action and (ii) that Tongmei's IPO process is abandoned. Both propositions are at odds with reality:

---

[4] Given the temporal evolution of the Ninth Circuit's judicial notice jurisprudence, if *Khoja* (2018) was not meant to coexist with *Hershewe* (2023), *Gilead Sciences* (2008), or *Sprewell* (2001), the Ninth Circuit would have said so. *See United States v. Sunny Cove Citrus Ass'n*, 854 F. Supp. 669, 694 (E.D. Cal. 1994) ("If . . . the Ninth Circuit had intended to overrule its decision . . . the Court simply could have done so. It did not.").

- Plaintiffs' allegations and the Second Amended Complaint's exhibits do not show that Tongmei was subject to a criminal action in China. *E.g.*, ¶¶ 73 ("The recipient could be any party relevant to the case, including Guojing, Tongmei, or Mr. Zhang."), 75 (mere allegations from a competitor company). Defendants' exhibits, at most, confirm the nonexistence of criminal charges already revealed by Plaintiffs' conclusory allegations.

- Publicly available government websites show that Tongmei's IPO progress was updated as recently as June 30, 2025. Ex. 1–2. While Plaintiffs may bemoan that true facts do not support their contention that Tongmei's IPO is "abandoned," "the court cannot simply turn a blind eye to" information subject to judicial notice. *See Friends of Amador Cnty. v. Salazar*, 554 Fed. App'x 562, 565 (9th Cir. 2014) (citing *Sprewell*, 266 F.3d at 988).

That Defendants'—and even Plaintiffs'—exhibits contradict those allegations does not bar judicial notice. Instead, early detection of insurmountable factual deficiencies and falsehoods furthers judicial efficiency and fairness by ensuring that Defendants are not required to defend allegations that "[are] doomed to failure." *Silicon Graphics,* 970 F. Supp. at 758.

**CONCLUSION**

Defendants respectfully request that the Court grant Defendants' Request for Judicial Notice.

Dated: August 1, 2025                FRESHFIELDS US LLP

By: */s/ Boris Feldman*
          Boris Feldman

*Attorneys for Defendants AXT, Inc.,*
*Morris S. Young, and Gary Fischer*

DEFS' REPLY ISO RJN                6
CASE NO. 3:24-cv-02778-MMC